Filed 3/23/22; Modified and Certified for Pub. 4/15/22 (order attached)
Opinion following transfer from Supreme Court

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DALE JOSEPH EVERETT COLEY,<br><br>    Defendant and Appellant. | A159927<br><br>(Solano County<br>Super. Ct. No. VCR208165) |

Appellant Dale Joseph Everett Coley appeals from the trial court's denial of his petition under Penal Code section 1170.95[1] seeking resentencing on his conviction for second degree murder and attempted murder without premeditation.  We affirmed the court's order in a previous opinion.  (*People v. Coley* (May 7, 2021, A159927) [nonpub. opn.].)  Thereafter, the Supreme Court granted review and transferred the matter back to us "with directions to vacate [our] decision and reconsider the cause in light of Senate Bill No. 775 (Stats. 2021, ch. 551) and *People v. Lewis* (2021) 11 Cal.5th 952."  We again affirm.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

1

## I. BACKGROUND

### A. *Underlying Facts*

Emmanuel Hernandez and Yusef Hussein were walking along the highway on the evening of January 28, 2009, when shots rang out from a car. Hernandez suffered a fatal wound in the back of his neck, and Hussein jumped over a guardrail and avoided being shot. The source of the gunshots was a car occupied by appellant, Shane Peters, Richard Eads and Francisco Soto. The prosecution's theory at trial was that appellant was the driver of the car and Peters was the shooter. Eads and Soto gave state's evidence against appellant and Peters in return for a charge of accessory after the fact.

### B. *Trial*

Appellant and Peters were jointly charged with first degree murder with special circumstances and with attempted murder, along with various firearm and gang enhancements. (§§ 187, 189, 187/664, 186.22, subd. (b)(1); 12022.53, subds. (d) & (e)(1).) The jury was instructed on first degree murder based on theories of premeditation and deliberation and shooting a firearm from a motor vehicle, second degree murder based on either express or implied malice, and attempted murder, both with and without premeditation. (CALCRIM Nos. 520, 521, 600, 601.) They were given instructions on direct aiding and abetting which advised them that the People alleged that appellant was an aider and abettor and that Peters was a direct perpetrator. (CALCRIM Nos. 400, 401.)

At the time of the crimes and at the time of the trial, aiders and abettors could be guilty of murder even if they did not personally harbor malice under either the felony murder rule or the doctrine of natural and probable consequences. (*People v. Johns* (2020) 50 Cal.App.5th 46, 57–59.) The jury was not instructed on felony murder (either of the first or of the second degree) or the natural and probable consequences doctrine, or on any target offense other than murder or attempted murder.

The jury returned a verdict of second-degree murder and attempted murder without premeditation as to both defendants. As to appellant, the jurors returned true findings on the gang allegations under section 186.22, subdivision (b) that were attached to each count, as well as the firearm enhancement that was alleged as to the murder count under section 12022.53, subdivisions (d) and (e)(1). As to Peters, the jurors found true the gang allegations under section 186.22, subdivision (b), but were unable to reach a verdict on the allegations that he had personally discharged a firearm causing great bodily injury or death under section 12022.53, subdivision (d). Appellant was sentenced to prison for an aggregate term of 40 years to life and Peters was sentenced to 15 years to life plus 19 years.

C. *Changes to the Law of Murder and Attempted Murder*

In 2018, several years after the convictions in this case, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.; Stats. 2018, ch. 1015), which substantially modified the law relating to accomplice liability for murder. The amendment eliminated the natural and probable consequences doctrine as a

basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843) and significantly narrowed the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *Lewis*, *supra*, 11 Cal.5th at p. 957.)

Among other things, section 188 was amended to provide, "Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Senate Bill No. 1437 also limited the felony-murder rule to cases where the defendant was the actual killer, acted with an intent to kill, or acted as a "major participant" in the underlying felony and with "reckless indifference to human life" as those terms are used in the statute defining the felony-murder special circumstance. (§ 189, subd. (e).)

Section 1170.95 was enacted as part of Senate Bill No. 1437 and provided a procedure whereby individuals convicted of felony murder or murder based on the natural and probable consequences doctrine could petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if they could not now be convicted of murder under the law as amended. The petition must contain (1) a declaration by the petitioner that he or she is eligible for relief, (2) the superior court case number and year of conviction; and (3) whether the petitioner requests counsel. If the petition states a prima facie

4

showing of the defendant's entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1170.95, subds. (c) & (d)(1).)

Courts of appeal were initially split as to when the appointment of counsel was required under section 1170.95. This split was resolved in *Lewis*, *supra*, 11 Cal.5th at p. 957, in which the Court concluded that if the section 1170.95 petition contains all the required information, including a declaration that the petitioner was convicted of murder and is eligible for relief, the court must appoint counsel to represent the petitioner if requested. (*Ibid.*) After the appointment of counsel and the opportunity for briefing, the superior court should consider whether the petitioner has made a prima facie showing of entitlement to relief, at which point the record of conviction may be considered. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at p. 957, 970–972.)

In October 2021, the Governor signed Senate Bill No. 775, (Stats. 2021, ch. 551, § 2), effective January 1, 2022. As relevant here, Senate Bill No. 775 amends subdivision (a) of section 1170.95 to allow persons convicted of "attempted murder under the natural and probable consequences doctrine" and manslaughter (in addition to those convicted of murder) to seek relief from their convictions, and further amends section 1170.95 to clarify that a person is entitled to an attorney upon the filing of

5

a facially sufficient petition (thus memorializing the ruling in *Lewis*). (§ 1170.95, subds. (a) & (b)(3).)

Senate Bill No. 775 also added requirements to the process for evaluating a section 1170.95 petitioner's prima facie eligibility for relief: after a facially valid petition is filed and counsel is appointed, the parties will submit briefing and the trial court must hold a hearing on the issue of whether a prima facie case has been made. (§ 1170.95, subd. (c).) Finally, although section 1170.95 was originally available to persons convicted of murder under a felony murder or natural and probable consequences theory, Senate Bill No. 775 allows a petition for resentencing to be filed by any person convicted of murder under any "theory under which malice is imputed to a person based solely on that person's participation in a crime," consistent with the definition of malice under section 188, subdivision (a)(3), as modified by Senate Bill No. 1437. (§ 1170.95, subd. (a)(1).)

D. *Appellant's Section 1170.95 Petition*

On March 18, 2019, appellant filed a petition under section 1170.95, requesting that he be resentenced on both his murder and attempted murder convictions. The prosecution filed a response stating that appellant acted with intent to kill, and also acted with reckless indifference to life as a major participant to a crime. (See § 189, subd. (e).) The court appointed counsel for appellant, who filed a reply on behalf of appellant. That brief asserted appellant had stated a prima facie case for relief, that the record of conviction lacked sufficient evidence of malice, and

that the record did not establish appellant was a major participant who acted with reckless disregard for life.

The trial court denied the petition by a written order dated February 4, 2020. It noted in its order that the jury had not been instructed on felony murder or murder under a natural and probable consequences theory. Although acknowledging that the instructions on implied malice contained a natural and probable consequences component, the court concluded that the record of conviction showed the jury had found express malice, i.e., a specific intent to unlawfully kill, when it convicted appellant of attempted murder. Appellant therefore would still be convicted under the statutes for murder as amended by Senate Bill No. 1437, and he was not entitled to relief under section 1170.95.

Appellant appealed. We issued an opinion affirming the judgment prior to the filing of the decision in *Lewis* or the enactment of Senate Bill No. 775. We now consider appellant's arguments in light of those developments.[2]

## II. DISCUSSION

### A. *Prima Facie Case*

Appellant argues the trial court erred in denying his section 1170.95 petition without issuing an order to show cause and holding an evidentiary hearing as required by section 1170.95, subdivisions (c) and (d)(1). He submits the court should not have considered the record of conviction to determine that he

___

[2] Codefendant Peters also filed a petition seeking resentencing under section 1170.95, which was denied by the court. His appeal of that order is pending. (*People v. Peters*, A162911.)

7

directly aided and abetted the killer in this case and acted with an intent to kill, and claims that once he filed a petition that was facially adequate under section 1170.95, subdivision (b)(1), a prima facie case was established and could not be controverted by information in the record of conviction. We review his contention de novo. (*People v. Harrison* (2021) 73 Cal.App.5th 429, 437 [whether court conducted a proper inquiry about whether a prima facie case for relief had been established under section 1170.95 is reviewed de novo].)

In *Lewis*, *supra*, 11 Cal.5th at pp. 970–972, the court held that it was proper for trial courts to consider the record of conviction in determining whether the defendant had made a prima facie case for relief under section 1170.95. Although the court should not engage in factfinding at the prima facie stage, " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)[3]

---

[3] The trial court noted in a footnote that in addition to harboring express malice, appellant was a major participant who acted with reckless disregard for human life. This would render appellant ineligible for relief under section 189, subdivision (e), and is the same standard used to hold aiders and abettors liable for the felony-murder special circumstance under section 190.2, subdivision (d). Appellant was acquitted of first-degree murder and consequently no special circumstance was found true. But because the court's finding on this point was not dispositive and because our review is de novo, we need not consider whether the court engaged in unauthorized factfinding at the prima facie stage.

8

In this case, appellant filed a facially valid petition and the court appointed counsel. The matter was fully briefed, as required by section 1170.95, subdivision (c). Consistent with *Lewis*, there was no error in considering the record of conviction in determining whether a prima facie case had been made.

As amended by Senate Bill 775, section 1170.95 requires a hearing as part of the process of determining whether a prima facie case has been made. Assuming that this was an ameliorative change in the law which must be applied to appellant's case (*In re Estrada* (1965) 63 Cal.2d 740, 744–745 (*Estrada*)), the failure to hold a hearing did not cause prejudice because appellant was ineligible for resentencing as a matter of law.

As noted, the jury did not receive instructions that it could convict appellant based on felony murder or the natural and probable consequences doctrine at trial. A theory of direct aiding and abetting remains a valid theory after Senate Bill No. 1437. (*Gentile*, *supra*, 10 Cal.5th at p. 848.) The jurors were given a version of CALCRIM No. 400 that advised them a person could be guilty of a crime as either a perpetrator or an aider and abettor, and the prosecution was proceeding under a theory that Peters was the perpetrator (shooter) and appellant was an aider and abettor. CALCRIM No. 401 defined aiding and abetting to require, "1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing

9

the crime; [¶] 4.  The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime."

Appellant argues that he may have been convicted of second-degree murder under a theory of aiding and abetting Peters in an implied malice murder, and that under *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi)*, he is eligible for relief under section 1170.95 because this was a "theory under which malice is imputed to a person based solely on that person's participation in a crime."  (§ 1170.95, subd. (a)(1).)  We disagree.

In *Langi*, the defendant was part of a group who accosted the victim with the purpose of robbing him.  (*Langi*, *supra*, 73 Cal.App.5th at p. 975.)  The confrontation ended in a fist fight, and the victim was killed by a blow to the head suffered after he was punched by one member of the group.  (*Ibid*.)  The defendant argued the jury could have found him guilty of aiding and abetting an implied malice murder "if it found that (1) the killing resulted from the actual killer's intentional act; (2) [*Langi*] aided and abetted that intentional act; and (3) the killer 'deliberately performed [the act] with knowledge of the danger to, and with conscious disregard for, human life'—whether or not [*Langi*] knew of or consciously disregarded the danger to human life." (*Id*. at p. 981; see also *People v. Powell* (2021) 63 Cal.App.5th 689, 714–715.)  *Langi* argued "[t]he instructions thus permitted the jury to impute malice to [him] based solely on his participation in a crime, without having to find that he personally acted with malice."  (*Ibid*.)  The Court of Appeal agreed and remanded to the

10

trial court for a hearing on whether *Langi* could be convicted under the amended definition of murder. (*Id*. at p. 984.)

Assuming that aiding and abetting an implied malice murder can involve the imputation of malice based on participation in a crime even when no instructions have been given on the natural and probable consequences doctrine, *Langi* does not apply because that case involves *implied* malice. Here, as the trial court correctly found, appellant's conviction for attempted murder demonstrates that he was convicted of second-degree murder with express rather than implied malice.

As a review of the record on conviction reveals, appellant was convicted of murder based on his aiding and abetting of the same shooting that gave rise to the attempted murder conviction. The jury was instructed by CALCRIM No. 600 that attempted murder requires a determination that "the defendants intended to kill that person." (See *People v. Lee* (2003) 31 Cal.4th 613, 624*; People v. McCoy* (2001) 25 Cal.4th 1111, 1118 [defendant who is guilty of attempted murder under a direct aiding and abetting theory must have the specific intent to kill].) An intent to kill is the equivalent of express malice, at least when there is no question of justification or excuse, and by finding appellant guilty of attempted murder, the jury necessarily found he had personally harbored intent to kill or express malice when he aided and abetted the second-degree murder. (See *People v. Moon* (2005) 37 Cal.4th 1, 29; *People v. Smith* (2005) 37 Cal.4th 733, 741.)

11

The superior court's denial of appellant's section 1170.95 petition without issuing an order to show cause was appropriate.

B. *Attempted Murder*

Appellant argues he was entitled to resentencing under section 1170.95 on his attempted murder conviction. Although our original decision in this matter concluded that section 1170.95 did not apply to attempted murder, Senate Bill No. 775 clarified that the provisions of section 1170.95 apply to attempted murder and manslaughter, as well as to murder.[4] Whether Senate Bill No. 775 is viewed as an ameliorative change in the law (see *Estrada, supra*, 63 Cal.2d at pp. 744–745), or whether appellant would be entitled to file a new section 1170.95 petition in light of Senate Bill No. 775's changes, we assume Senate Bill No. 775 applies to this case and reconsider whether relief was required on the attempted murder count under its provisions. It was not.

Section 1170.95 applies by its terms only to attempted murders based on the natural and probable consequences doctrine. (§ 1170.95, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences

---

[4] Subdivision (a) of section 1170.95 now reads: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts. . . ." (Italics added.)

doctrine . . . may file a petition"].)  The jurors in this case were not instructed on that doctrine.  They were given CALCRIM Nos. 400 and 401, on the theory of direct aiding and abetting, as well as CALCRIM No. 600, which advised them that an attempted murder conviction required a finding that "the defendants intended to kill [the victim]."  Direct aiding and abetting remains a valid theory of attempted murder after the enactment of Senate Bill No. 775.  (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 197.)  The court was not required to grant resentencing on this count.

C.  *Presentation of New Evidence at Hearing*

Appellant claims he had a statutory right to present new evidence at a hearing under section 1170.95, subdivision (d)(3), and that by denying him an evidentiary hearing without issuance of an order to show cause, the court prevented him from presenting such evidence.  We disagree.

Although there might be some circumstances where new evidence can be introduced to clarify an ambiguous record of conviction, a section 1170.95 petition is not a means by which a defendant can relitigate issues already decided.  (*People v. Price* (2021) 71 Cal.App.5th 1128, 1151–1152, review granted Feb. 9, 2022 (S272572).)  And, although appellant alleges he should have been allowed to present "new evidence" at an evidentiary hearing, he does not describe what such evidence would be and had made no showing that the trial court ever denied a request to present such new evidence.

III.  DISPOSITION

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

BURNS, J.

*People v. Coley* / A159927

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>DALE JOSEPH EVERETT COLEY,<br><br>    Defendant and Appellant. | A159927<br><br>(Solano County<br>Super. Ct. No. VCR208165) |

**ORDER CERTIFYING OPINION FOR PUBLICATION
AND MODIFYING OPINION
[NO CHANGE IN JUDGMENT]**

**THE COURT:**

The opinion in appeal No. A159927, filed on March 23, 2022, was not certified for publication in the Official Reports. For good cause appearing, pursuant to California Rules of Court, rule 8.1105(b) and (c), the opinion is certified for publication. Accordingly, appellant's request for publication is GRANTED.

The nonpublished opinion, filed on March 23, 2022, is ordered modified. On page 9, in the first sentence of the second full paragraph, "Senate Bill 775" is changed to "Senate Bill No. 775".

On page 10, in the third sentence of the second full paragraph, both references to "[*Langi*]" are changed to "[defendant]".

1

On page 10, in the fourth sentence of the second full paragraph, "*Langi*" is changed to "The defendant".

On page 11, in the first line of the first partial paragraph, "*Langi*" is changed to "the defendant".


Date: _____04/15/2022_____ _____JACKSON, P.J.\_\_\_P.J.

A159927 / People v. Coley

Trial Court:Superior Court of Alameda County

Trial Judge:        Honorable Earl Bradley Nelson

Counsel:    Robert L. S. Angres, By Appointment of the First District Court of Appeal under the First District Appellate Project, for Appellant.

Xavier Becerra, Attorney General of California; Lance E. Winters, Chief Assistant Attorney General; Jeffrey M. Laurence, Senior Assistant Attorney General; Seth K. Schalit, Supervising Deputy Attorney General; Lisa Ashley Ott, Deputy Attorney General; for Respondent.

3